UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MASSACHUSETTS BAY INSURANCE
COMPANY

VERSUS

GARRY LEWIS, ET AL.

CIVIL ACTION

NO. 10-585-BAJ-DLD

## RULING ON MOTION TO DISMISS

This matter is before the Court on a motion to dismiss by movers Juana Victoria Ocampo Ocampo, individually, and on behalf of her minor child, Miguel Angel Martinez Ocampo, and Juana Yaneth Martinez and Jose Martinez ("Movers") (doc. 14). Plaintiff Massachusetts Bay Insurance Company ("Plaintiff") has opposed the motion (doc. 16). Jurisdiction is based on 28 U.S.C. §1332.

## FACTS

On February 7, 2009, Paulino Romelio Martinez-Vasquez was fatally injured while working at the former CEMUS plant located at 1201 Airline Highway in Baton Rouge, Louisiana (doc. 14-1, p. 1). Movers allege that Mr. Vasquez was killed while using a BOBCAT 763 skid steer loader (doc. 14-1, p. 1). Mr. Vasquez allegedly became entrapped between the front end loader or bucket and the frame body of the skid steer loader (doc. 14-1, p. 1). Movers allege that

the BOBCAT and the CEMUS plant were owned, operated, and controlled by one of the defendants in an underlying state court lawsuit ("Lewis Defendants") (doc. 14-1, p. 1, 2). On February 4, 2010, Mr. Vasquez's survivors filed a personal injury and wrongful death suit in the 19th Judicial District Court for the Parish of East Baton Rouge (doc. 14-1, p. 1).

After the Lewis Defendants tendered defense of the state court suit to Plaintiff, Plaintiff filed a complaint in this Court seeking a judicial declaration that it has no obligation to defend or indemnify any of the Lewis Defendants in the state court suit, and naming Movers as defendants (doc. 14-1, p. 2). Movers allege that six days later, they added Plaintiff as one of the alleged insurers of the Lewis Defendants in the underlying state court suit (doc. 14-1, p. 2). Movers further allege that Plaintiff filed an answer and defenses to their petition for damages in the underlying state court suit asserting the same coverage defenses asserted in this case (doc. 14-1, pp. 2-3). Plaintiff alleges that it first agreed to defend its named insureds in the underlying state court suit pursuant to a full reservation of rights, but upon conducting an investigation, Plaintiff determined that the incident was not covered under the policy, and it withdrew its defense (doc. 16, p. 5).

Movers now ask this Court to dismiss Plaintiff's action for declaratory judgment pursuant to 28 U.S.C. § 2201. Plaintiff argues that it seeks not only a declaratory judgment on its duty to defend and indemnify the Lewis Defendants,

but it also seeks reimbursement of defense costs it incurred in defending the Lewis Defendants in the underlying state court suit; or, alternatively, if the Court finds Plaintiff does have a duty to defend, contribution for expenses from the other insurance company-defendants in the underlying state court lawsuit (doc. 16, p. 2, 5).

## ANALYSIS

Movers argue that the Court "should abstain from hearing the proceeding on grounds of fairness, federalism, and efficiency, because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, because of possible inequities in permitting the plaintiff to gain precedence in time and forum, and because of issues of judicial efficiency and economy." (Doc. 14, p. 1). Plaintiff argues that "this Court should retain jurisdiction of Massachusetts Bay's suit because abstention is not appropriate where the Federal Court plaintiff seeks relief other than declaratory judgment - - such as Massachusetts Bay's claim herein for reimbursement of previously incurred defense costs." (Doc. 16, p. 2).

I

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (internal citations omitted). The United States Court of Appeals for the Fifth

Circuit has held that it is "well-settled" that a district court has broad "discretion over whether to decide or dismiss a declaratory judgment action." *Travelers Ins. Co. v. La Farm Bureau Fed'n.*, 966 F.2d 774, 778 (5th Cir. 1993). In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000), the Fifth Circuit set out a three-step inquiry for a district court to apply when considering a declaratory judgment suit: (1) the court must determine whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) how to exercise its broad discretion to decide or dismiss the action. *See also Sherwin-Williams Co.*, at 387 (5th Cir. 2003).

The Fifth Circuit has recognized the analysis set out by the Supreme Court of the United States in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), to determine whether to decide or dismiss a declaratory judgment action. *Sherwin-Williams*, 343 F.3d at 389. The Fifth Circuit expressed the *Brillhart* factors in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), and identified seven non-exclusive factors to guide a district court's exercise of discretion to accept or decline a declaratory action. The *Trejo* factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

See *Sherwin-Williams*, 343 F.3d at 388. In considering *Brillhart*, the Fifth Circuit noted that there are three key aspects of the analysis which are guided by the *Trejo* factors: (1) proper allocation of decision-making between state and federal courts; (2) fairness; and (3) efficiency. *Sherwin-Williams*, at 388, 390-92.

Accordingly, this Court is required to consider the facts of this case in light of the *Trejo* abstention factors. *Travelers*, 996 F.2d at 779 (5th Cir. 1993).[1] The first two factors address the proper allocation of decision-making between state and federal courts. The first factor is whether there is a pending state action in which all of the matters in controversy may be fully litigated. In this case, there is

---

[1] In *Travelers Ins. Co. v. La Farm Bureau Fed'n.*, 966 F.2d 774, 779 (5th Cir. 1993), the Fifth Circuit held that a district court abused its discretion by "failing to individualize its decision by addressing the facts" of the case before it in light of the *Brillhart* factors and goals of the Declaratory Judgment Act, and reversed and remanded the case.

a state court suit pending in the 19th Judicial District Court in which all matters in this declaratory judgment action may be fully litigated, as all of the parties to the underlying state court suit are parties to this suit, and the state court suit arises out of the same dispute and the same insurance policy as presented here (doc. 14-1, p. 4). Additionally, there are no distinctly federal law issues in this suit; thus, a state court is fully competent to hear this case (*Id*).

Plaintiff argues that this claim cannot be heard before the state court because it is not completely parallel to the underlying state court proceeding. As such, Plaintiff asserts, the state court "lacks authority to resolve all of the issues involved in this suit because the duty to defend, contribution and reimbursement claims have not been asserted in that forum" (doc. 16, p. 10). However, the Court notes that Plaintiff will not be deprived of its right to raise any defenses in the underlying state court proceeding that are otherwise available to it in the federal court action. Thus, the case is fully justiciable before the state court.

The second factor is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant. The Fifth Circuit has noted that "the mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court." *Sherwin-Williams*, 343 F.3d at 397. Plaintiff filed this declaratory suit after the underlying lawsuit was filed against its insured in state court and Plaintiff tendered a defense to its insured, but before Plaintiff was added as a defendant

in the state suit (doc 14-1, p. 5; doc. 16, p. 5).[2] Plaintiff alleges that the underlying state court lawsuit was pending in state court for almost seven months before it filed this case (doc. 16, p. 11). Plaintiff could have filed this suit in state court, or withdrawn its action from this Court as soon as it was added as a party in the underlying state court case.

Factors three, four, and five address the fairness concerns of forum selection. With respect thereto, the Fifth Circuit has held that "merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping". *Sherwin-Williams*, at 391. The third factor is whether the plaintiff engaged in forum shopping in bringing the suit. There are no facts in the record that suggest Plaintiff engaged in forum shopping. Also, the selection of this Court in this case would not change the substantive law that would apply, as Louisiana law must be applied in this case whether it is ultimately litigated in state or federal court.

The fourth factor is whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist. The Fifth Circuit has noted that the fourth factor is relevant in cases where multiple courts have jurisdiction over one action. *Sherwin-Williams*, at 397; *See also Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983). In those cases, a party

---

[2] Plaintiff alleges that it was added as a defendant in the underlying state court suit six days after it filed this action (doc. 16, p. 5).

can engage in "improper procedural fencing" by filing suit—first—in the forum that has the most favorable law to it, before the adverse party is legally able to bring the action in the other forum. *Id.* Movers argue that if this action is maintained, the Court will rule on factual issues that are before the state court – possibly before the case is tried before a state court jury, which would be detrimental to their state court suit (doc. 14-1, pp. 5-6). Plaintiff alleges that it is "not attempting to gain precedence in time or to change forums, as there is no other competing forum for determining these issues" (doc. 16, p. 13). As previously noted, however, solely Louisiana law is applicable here. Either forum will apply the same law, thus the fourth factor is not applicable to this case.

The fifth factor is whether the federal court is a convenient forum for the parties and witnesses. This factor is not an issue here, as the parties agree that both federal and state courts are convenient forums.

The sixth and seventh factors address judicial efficiency. The sixth factor is whether retaining the lawsuit would serve the purposes of judicial economy. The Fifth Circuit has held that "this Court should avoid duplicative or piecemeal litigation where possible." *Sherwin-Williams*, at 391. Despite Plaintiff's argument—that "it would serve no purpose of judicial economy if Massachusetts Bay were forced to re-commence its insurance coverage action in a new State Court Suit that has not reviewed the [insurance policy] and is completely unfamiliar with the coverage issues raised in this action"— this case should be

litigated in state court where the such court is competent to handle the purely state law issues, and the underlying lawsuit is pending (doc. 16, p. 14). Furthermore, since this case involves only issues of Louisiana law, state law exclusively applies to this case.

The seventh factor requires an assessment of whether the federal court is being called on to construe a state judicial decree involving the same parties which was entered by the court before whom the parallel state suit between the same parties is pending. The present case involves the same parties and same issues as the matter before the 19th Judicial District Court. Moreover, as previously noted, the present case involves only issues of state law, and therefore, this case should be litigated in that forum.

Accordingly, after considering the facts of this case in light of the applicable law, it is readily apparent that a *Brillhart* abstention is appropriate here.

II

Though the Court holds that the *Brillhart* abstention applies, it will address Plaintiff's argument that this is not a "pure" declaratory action, as Plaintiff also requests reimbursement and/or contribution of past and future defense costs. Plaintiff alleges that:

> The Fifth Circuit has made clear that an action seeking *any* monetary damages cannot be characterized as a 'declaratory judgment action' for purposes of the abstention doctrine and that the abstention doctrine is not applicable. This is so even when declaratory relief is sought <u>in addition to</u> monetary damages. Because [plaintiff] seeks monetary damages, the abstention doctrine enunciated in *Brillhart* and *Wilton* does not apply.

(doc. 16, p. 7) (emphasis provided by Plaintiff). Plaintiff cites a Fifth Circuit case, *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394-96 (5th Cir. 2009), to support the proposition that the more stringent *Colorado River*[3] abstention doctrine applies to a case in which both declaratory relief and coercive relief are requested. In *New England*, the Fifth Circuit held that "it is well settled in this circuit that a declaratory action that also seeks coercive relief is analyzed under the *Colorado River* standard." 561 F.3d at 394-96.

The *New England* court analyzes the different circuit courts' approaches to the issue of what standard applies when a request for declaratory action seeks both declaratory and coercive relief, and ultimately determined that the "*Colorado River* standard applies whenever an action includes both declaratory and non-frivolous coercive claims for relief." 561 F.3d at 395. Before reaching its analysis

---

[3] In *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 (1976), the Supreme Court set forth an abstention doctrine that a district court must apply when an action involves coercive relief. *See also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 103 S.Ct. 927 (1983); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 949 (5th Cir. 1994). "Under the *Colorado River* standard, the district court's discretion to dismiss is 'narrowly circumscribed' and is governed by a broader 'exceptional circumstances' standard." *New England Ins. Co.*, at 394-95.

in *New England*, however, the Fifth Circuit noted that it was "tasked with determining whether a counterclaim seeking monetary relief precludes application of *Brillhart* and requires the application of *Colorado River*."[4] *Id.*, at 395.

Here, this Court has considered whether a claim for reimbursement and/or contribution of past and future defense costs, wholly related to the declaratory relief issue itself, constitutes coercive relief in light of Fifth Circuit precedent. In *New England*, the Fifth Circuit cited *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994), which states:

> The district court erred as a matter of law in classifying Southwind's suit as a "declaratory judgment action." Although the relief sought by Southwind is declaratory in nature, Southwind also requests coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief. Inclusion of these coercive remedies indisputably removes this suit from the ambit of a declaratory judgment action.

The Court finds little comparison between the combination of "breach of contract damages, attorney's fees, and injunctive relief" and defense costs. *Southwind*'s injunctive relief request propels the declaratory judgment action into the realm of both a declaratory judgment action *and* an action for coercive relief. The *Southwind* court was asked to give both declaratory relief, and to also order

---

[4] Movers distinguished *New England* from this case because the *New England* court analyzed the *Brillhart* abstention's applicability to a counterclaim, as opposed to a complaint.

11

a party to do or not to do something.[5] The Court notes that injunctive actions are urgent in nature – and thus it is logical that once an injunction is before a court, a court would harm the parties by abstaining to rule on the matter. In contrast, Plaintiff has already tendered defense of the underlying state court suit with a reservation of rights, and subsequently withdrew its defense (doc. 16, pp. 4-5). Plaintiff is prepared to litigate this issue, which is evidenced by this declaratory suit, and there is no issue of an urgent nature before the Court.[6]

Morevover, Plaintiff's request for past and future defense costs *hinges* on the outcome of whether a court determines that Plaintiff owes a duty to defend. As such, no separate action for relief lies without the declaratory judgment claim, and if this Court abstains from ruling on this action, the request for defense costs will be fully litigated in state court along with Plaintiff's duty to defend claim. Thus, Plaintiff's request for a reimbursement and/or contribution of past and future defense costs, *if* the Court finds that Plaintiff has a duty to defend in this case, is not considered a request for coercive relief within the ambit of *New England Ins. Co. v. Barnett*.

Accordingly, the *Brillhart* abstention standard, adopted by the Fifth Circuit, is applicable here, and the Court hereby dismisses this action.

---

[5] In *Safety Nat. Cas. Corp v. Bristol-Meyers Squibb Co.*, 214 F.3d 562, 564 (5th Cir. 2000), the Fifth Circuit stated that the coercive relief a party prayed for was to "compel arbitration." *Black's Law Dictionary* defines "coercive relief" as: "Judicial relief, either legal or equitable, in the form of a personal command to the defendant that is enforceable by physical restraint." (9th ed. 2009).

[6] The Court notes that Plaintiff is one of the insurers in the underlying state court action.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that, in accordance with this Court's decision to abstain from deciding the merits of this case, Movers' motion to dismiss (doc. 14) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Court defers ruling on the pending partial motion for summary judgment to allow the state court to resolve such issues (doc. 15).

**IT IS FURTHER ORDERED** that the clerk dismiss this suit without prejudice to the rights of the parties in the state court action. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, March 31, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA